IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LAURA BRESKO and
JOAN BRESKO,

    Plaintiffs,
v.                                                  CASE NO. 1:11-cv-202-SPM-GRJ

THOMAS KRITCHLEY, et al.

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiffs initiated this case by filing a *pro se* complaint pursuant to 28 U.S.C. §§ 1331 and 1332 against seven named Defendants and unnamed John/Jane Does and other "Entities." Doc. 1. Plaintiffs have paid the civil case filing fee. This case has been referred to the undersigned for review pursuant to N.D. Fla. Loc. R. 72.2 and 72.3.

The Complaint stems from divorce and child custody proceedings that are pending in the Superior Court of Morris County, New Jersey. The parties to the New Jersey proceedings are Peter Bresko and his estranged wife Renate Bresko. Plaintiff Joan Bresko is the mother of Peter Bresko, and Plaintiff Laura Bresko is the sister of Peter Bresko. Joan Bresko is a resident of Fernandina Beach, Florida, and Laura Bresko is a resident of Gainesville, Florida. The named Defendants are Morris County Superior Court judges Thomas Critchley and Catherine Enright, Renate Bresko, Jersey Battered Womens' Services, Christian Van Pelt (Peter Bresko's attorney), "Malpractice Insurance Carrier for Christian Van Pelt," and Jessica Fox, an employee of the New Jersey Division of Youth and Family Services. All of the Defendants reside in New

Jersey, with the possible exception of Renate Bresko. Plaintiffs allege that Renate Bresko is living in Massachusetts.

To briefly summarize, Plaintiffs contend that Defendants have acted individually and in concert to deprive them of various rights. The gravamen of the Complaint is that Defendants have wrongfully interfered with Plaintiffs' right to have a relationship with the minor children of Peter and Renate Bresko. Plaintiffs contend that the family court judges entered improper orders prohibiting Peter Bresko from discussing the whereabouts of the minor children with Plaintiffs, or disclosing Renate Bresko's location. Plaintiffs assert that such orders are based on false presumptions and inferences regarding Plaintiffs, and that Plaintiffs have been falsely accused of dishonesty, harassment, and stalking. Plaintiffs allege that Defendants have defamed, slandered, and libeled them. Plaintiffs contend that Defendants have acted to deprive them of due process and equal protection. Plaintiffs allege causes of action under 42 U.S.C §§ 1983 and 1985, the Racketeer Influenced and Corrupt Organizations Act, and other federal statutes, as well as state common-law tort claims. Plaintiffs request compensatory and punitive damages, and other relief.

The Court is required to liberally construe *pro se* pleadings. Even liberally construed, it is questionable whether Plaintiffs allegations state cognizable federal claims.[1] In any event, it is clear that venue is improper in this Court. Venue is proper in

---

[1] Review of the Complaint suggests that many of Plaintiffs' claims are barred by the doctrines of judicial immunity and by principles of comity and federalism. *See Younger v. Harris*, 401 U.S. 37, 43-44 (1971); *Butler v. Alabama Judicial Inquiry Comm'n*, 245 F.3d 1257, 1261 (11th Cir. 2001) ("*Younger* and its progeny reflect the longstanding national public policy, based on principles of comity and federalism, of allowing state courts to try cases--already pending in state court--free from federal court interference.") (citation omitted).

a civil action not founded solely on diversity only in a judicial district: (1) where any defendant resides, if all defendants reside in the same state; (2) where a substantial part of the events giving rise to the claims occurred; or (3) where any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). The allegations of the Complaint reflect that all of the Defendants, except perhaps Renate Bresko, reside in New Jersey, and that all of the events giving rise to Plaintiffs' claims occurred in New Jersey, within the jurisdiction of the United States District Court for the District of New Jersey. Accordingly, this case should have been filed in that District. *See* 28 U.S.C § 1391(b).

Pursuant to 28 U.S.C. § 1406(a) where, as here, a case has been filed in the wrong venue, "[T]he district court of a district in which is filed a case laying venue in the wrong ... district shall dismiss, or if it be in the interest of justice, transfer such case to any district ... in which it could have been brought. In view of Plaintiffs' *pro se* status, the undersigned concludes that transfer of this case rather than dismissal would be in the interests of justice.

In light of the foregoing, it is respectfully **RECOMMENDED** that pursuant to 28 U.S.C. § 1406(a) this case be **TRANSFERRED** to the United States District Court for the District of New Jersey.

**IN CHAMBERS** at Gainesville, Florida, this 28th day of September 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.